**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4932**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD PHILLIP SMITH,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-443)

---

Submitted:  August 18, 2005          Decided:  August 23, 2005

---

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

David B. Freedman, WHITE AND CRUMPLER, Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, L. Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Phillip Smith, appeals his sentence following his guilty plea to two counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) (2000) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Smith asserts that his sentence violated both United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Fanfan, 125 S. Ct. 738 (2005). Finding no reversible error, we affirm.

Smith first asserts that his sentence violates the Sixth Amendment because he was sentenced as a career offender.[1] This argument is foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres[2] prior conviction exception in Booker. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). Likewise, the application of

---

[1] We note that Smith's two-level enhancement for possession of a dangerous weapon does not implicate Booker because the facts underlying this enhancement were admitted by the defendant in his factual basis for his plea. We further note that Smith's two-level enhancement for obstruction of justice does not implicate Booker because Smith received a higher sentence under the career offender provision, which did not take the obstruction of justice finding into account.

[2] Almendarez-Torres v. United States, 523 U.S. 224 (1998).

- 2 -

the prior conviction exception to Smith does not raise any of the problems outlined in United States v. Shepard, 125 S. Ct. 1254, 1262-63 (2005), or United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005), because no facts related to Smith's prior convictions are in dispute.

Smith next asserts that although his two-level enhancement for obstruction of justice did not play a role in his base offense level, which was calculated under the career offender provision, the district court relied on that enhancement when it denied his request for a two-level reduction for acceptance of responsibility. This argument is foreclosed by our decision in United States v. Evans, ___ F.3d ___, 2005 WL 1705531, at *1 n.4 (4th Cir. July 22, 2005) (No. 04-4522), which stated that for purposes of determining whether a Sixth Amendment violation occurred, the sentence imposed is compared against the guideline range that was properly determined before any adjustments are made for acceptance of responsibility.

Finally, Smith asserts that his mandatory guidelines sentence violated the Sixth Amendment. Because this claim was not preserved for appellate review, it is reviewed for plain error. We have reviewed the record and find that the district court did not plainly err in treating the guidelines as mandatory since there is no evidence of prejudice as required under United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

- 3 -

For the foregoing reasons, we affirm Smith's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

AFFIRMED